Turley, J.
delivered, the opinion of the court.
The defendants were indicted and convicted in the Circuit 'Court of Madison for an affray, and sentenced to pay one dollar each and the costs, and to remain in custody until the same was paid. But the judgment was afterwards arrested and the defendants discharged; from which the State prosecutes an appeal.
The judgment was arrested upon a supposed defect in the indictment in not being sufficiently certain and specific in charging the offence. The words of the indictment are as follows: “Jesse Benthal and Thomas Pemberton, on the 1st day of April, 1844, with force and arms, at’ Jackson, in the county aforesaid, being unlawfully assembled together and arrayed in a warlike manner, and then and there, in a public place, unlawfully and to the great terror and disturbance of all the good citizens of said State then and there assembled, did make an affray by fighting, in contempt of the laws of the State.”
It is now argued, that the allegation “did make an affray by fighting” is vague and uncertain; that it is necessary, to *520 constitute the offence charged, that the defendants should have fought each other, and that it may well be, from the wording that the violence complained of may have been a combined attack by the two defendants upon others, who were unresisting, and that if this were the case,- (inasmuch as to constitute an affray it is necessary that two or more shall fight together in a public place,) no offence as charged has been committed.
We think that such is not the legitimate conclusion of the words of the indictment; but that it is, that they did fight each other. If it be said two men are fighting, two men have been fighting, every body understands that they are or have been fighting each other; and when it is charged in a bill of indictment that two men did make an affray by fighting in a public place, it must be understood that they fought each other. A different construction would be an abstract refinement.
Reverse the judgment of arrest, and affirm the judgment of conviction.